OPINION OF THE COURT
Orin R. Kitzes, J.
This action stems from a construction accident that occurred on July 7, 2001 at premises known as Natural Stone Industries, in Kings County, New York. Thereafter, plaintiff brought this action against defendants alleging violations of the Labor Law and for common-law negligence. Plaintiff seeks to recover for injuries to his brain, cognition and neurological system caused by the accident. There has been extensive litigation in this matter and, most recently, in an order dated October 1, 2007, this court granted Star Structurals’ motion for additional discovery. The court found it appropriate to order the requested discovery since it was material and necessary for Star Structurals to obtain current and accurate information regarding plaintiffs condition. The court ordered a second deposition of plaintiff and allowed Star Structurals to review plaintiffs criminal records since plaintiffs cognitive abilities are an issue in this trial, and the records will contain material that is necessary for evaluating his cognition. Significant to the instant motion, the court directed that once this discovery was completed, plaintiff may seek to restore this action to the trial calendar. According to plaintiff this discovery has been completed and he seeks to restore this action to the trial calendar. Third-party defendant Star Structurals and defendant Starbro Construction Corp. oppose this motion and have cross-moved for additional discovery.
On January 16, 2008, these motions were on this court’s motion calendar and the parties appeared in court and were able to stipulate and resolve all but one discovery issue. Pursuant to that stipulation, the parties agreed to the following:
“1. Within 30 days and receipt of records from Doctor Kim, Doctor Fasnello and PT, the third-party defendant shall advise plaintiff by telephone if a further EBT of plaintiff is needed based upon any issue in the above records.
“2. Non-party EBTs of Leon Karim and Abdul Karim are to be held at third-party defendant’s office on or before February 18, 2008. These EBTs are to be limited to three hours in time.
“3. Plaintiff is to file a new Note of Issue by March 2, 2008, if the above has been completed.
*355 “4. The parties cannot resolve issues pertaining to cloning of computer. The court incorporates the terms of the stipulation into this order and orders the parties to adhere to the stipulation.”
As noted, the remaining issue concerns third-party defendant’s request to examine plaintiff’s computer. In its cross motion, third-party defendant seeks an order to compel plaintiff to provide a “clone” of the hard drive from plaintiff’s computer. According to Star Structurals, plaintiff has indicated that he has a computer in his bedroom and that he is capable of using it for certain purposes including scanning a photograph and sending an e-mail. Star Structurals claims that the hard drive clone would provide highly relevant information regarding plaintiffs employability, which is critical to the question of whether plaintiff is “gravely injured.” Plaintiff opposes providing such discovery since plaintiff and his mother testified extensively at their depositions regarding the use of the computer; in fact, plaintiff has acknowledged using it and accessing the Internet. Moreover, plaintiff’s mother stated that she and other members of the household, other than plaintiff, also use the computer on a regular basis and are the prime users of the computer. Consequently, plaintiff argues, in essence, that the clone would not provide material necessary for the defense of this action.
The third-party action claims plaintiff sustained a grave injury under Workers’ Compensation Law § 11 and thus plaintiffs employer, Star Structurals, was liable for indemnification and contribution. An employer’s liability for an on-the-job injury is generally limited to workers’ compensation benefits, but when an employee suffers a “grave injury” the employer also may be liable to third parties for indemnification or contribution. In Rubeis v Aqua Club, Inc. (3 NY3d 408 [2004]), a case involving a brain injury to a construction worker, the Court found that to prove a grave injury the medical evidence must indicate that plaintiff is unable to return to any employment. A plaintiffs ability to obtain other employment and an ability to perform the usual and customary tasks of ordinary day-to-day living, such as being physically independent and ambulatory, was necessary in determining whether or not plaintiff suffered a grave injury. Consequently, Star Structurals has a right to discovery that is relevant and material to plaintiffs ability to return to employment. (CPLR 3101 [a].)
*356 When discovery which is sought is relevant and material, pursuant to CPLR 3101 (a), and not subject to claims of privilege, pursuant to CPLR 3103 (a), disclosure is proper and should be permitted. In the instant case, the computer hard drive is not relevant and material to plaintiffs ability to return to employment. Given the computer’s access by several members of plaintiffs household, it would not be possible for third-party defendant to discern plaintiffs computer usage beyond the use plaintiff testified to at the deposition. As such, this court does not find it appropriate to order disclosure of the hard drive. The court notes that the issue of plaintiffs employability is ascertainable by other means, including an examination by an occupational therapist. Furthermore, the hard drive has private communications and actions of plaintiff and his family that have nothing to do with the limited issue of plaintiffs employ-ability. Notwithstanding any possible limiting orders regarding items copied from the hard drive to the clone, it would be improperly invasive to order this discovery. Accordingly, the court denies third-party defendant’s request for disclosure of a hard drive clone.
Finally, the court has reviewed the cases cited by third-party defendant and finds that they are not applicable to the instant action. In Thyroffv Nationwide Mut. Ins. Co. (8 NY3d 283 [2007]), the Court of Appeals ruled on a certified question from the United States Court of Appeals for the Second Circuit: whether the common-law cause of action of conversion applied to certain electronic computer records and data. The Court of Appeal held that it did and plaintiff was able to maintain a conversion claim. While the Court did discuss the similarity between hard documents and computer entries, there was no discussion concerning the discovery of a computer hard drive. Etzion v Etzion (7 Misc 3d 940 [Sup Ct, Nassau County 2005]), also relied upon by third-party defendant, was a matrimonial matter in which plaintiff was given access to the computer memory on the grounds that defendant stored information concerning his finances and personal business records in it. Such material was obviously subject to discovery since there were allegations that defendant was hiding his assets and he kept his financial and business records in personal and business computers. In the instant case there are no similar circumstances warranting discovery of the plaintiffs computer’s hard drive.
*357 Based on the above, the plaintiffs motion is denied and the cross motions are granted to the extent indicated by the ordered discovery.